CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 29 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| LORRI A. ELKINS, | ) | |
| | ) | Civil Action No. 5:07CV00093 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Lorri A. Elkins, was born on May 7, 1961, and eventually completed her high school education. Ms. Elkins attended college for one year. Plaintiff has worked as a hospital aide, cashier, stocker, personal companion, production laborer, textile laborer, waitress, and cook. She last worked in 2006. On April 26, 2005, Ms. Elkins filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for

all forms of substantial gainful employment on September 30, 2002 due to bipolar disorder, anxiety, and panic disorder. Plaintiff now maintains that she has remained disabled to the present time. As to her claim for disability insurance benefits, the record reveals that Ms. Elkins met the insured status requirements of the Act at all relevant times prior to the final decision of the Commissioner. See, gen., 42 U.S.C. § 423.

Ms. Elkins' claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 13, 2006, the Law Judge also ruled that Ms. Elkins is not disabled. The Law Judge found that plaintiff suffers from depression, hypomania, and anxiety. The Law Judge assessed Ms. Elkins' residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to consistently perform simple repetitive work activities in a timely and appropriate manner provided she has a well-structured and supportive employment situation. She is able to complete a normal workweek without interruptions resulting from her affective disorder and anxiety symptoms. The claimant is also able to accept instruction from supervisors and deal appropriately with co-workers and the public. Furthermore, she is generally able to deal with the usual stresses of competitive work without becoming overwhelmed and undergoing worsening of symptoms. Additionally, the claimant retains sufficient cognitive intactness for managing her own funds but is currently unable to consistently perform complex or challenging work activities with or without additional supervision. Lastly, the claimant has no physical limitations.

(TR 17). The Law Judge found that plaintiff retains sufficient functional capacity to return to her past relevant work as a cashier, salad bar attendant, or textile production laborer. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security

Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Elkins has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record establishes that plaintiff experiences no significant physical problems. On the other hand, she does suffer from nonexertional limitations. Records from plaintiff's family physicians indicate that she has received treatment over a period of years for situational depression and anxiety. Based on the development of more pronounced symptoms in the early 2000s, Ms. Elkins sought psychiatric treatment. The Disability Determination Services arranged for plaintiff to be seen by a consultative psychologist. While the Administrative Law Judge interpreted the mental health reports so as to establish definite nonexertional limitations, the Law Judge ultimately found that plaintiff retains sufficient functional capacity to perform simple tasks such as those required in several past relevant work roles. Based on a review of the medical records, the court believes that there is substantial evidence to support

3

the Law Judge's determination that plaintiff's emotional problems are not so severe as to prevent performance of certain of her past relevant work roles.

As previously noted, given plaintiff's history of treatment for depression, anxiety, and panic attacks, the Social Security Administration arranged for a consultative psychological study. Dr. David Leen produced this psychological evaluation following an examination on June 14, 2005. Based on his mental status evaluation, as well as plaintiff's medical history, Dr. Leen diagnosed bipolar disorder of moderate severity and anxiety disorder. This psychologist submitted the following overall assessment:

> The current GAF is 54. The claimant is in need of continued psychiatric treatment of her affective disorder and anxiety symptoms. The prognosis for further significant improvement in her Axis I psychiatric disorders with treatment is at least fair. Based on her clinical presentation at this time, she appears to retain sufficient cognitive intactness for managing her own funds.

> Secondary to the claimant's affective liability and dysphoria, tangentiality, excessive worry, diminished interest and social withdrawal, she is currently unable to consistently perform complex or challenging work activities with or without additional supervision. She is currently able to consistently perform simple repetitive work activities in a timely and appropriate manner provided she has a well-structured and supportive employment situation. She is currently able to complete a normal workweek without interruptions resulting from her affective disorder and anxiety symptoms. She is able to accept instructions from supervisors and deal appropriately with co-workers and the public. She is generally able to deal with the usual stresses of competitive work without becoming overwhelmed and undergoing worsening of symptoms.

(TR 189-90). The Administrative Law Judge relied heavily on Dr. Leen's finding in assessing plaintiff's residual functional capacity.

On appeal to this court, Ms. Elkins argues that the Law Judge accorded undue weight to the consultative study and that he failed to properly credit the reports from plaintiff's treating mental health specialists. However, the court believes that the reports from the treating sources are

Case 5:07-cv-00093-GEC   Document 12   Filed 05/29/08   Page 4 of 6   Pageid#: 44

essentially consistent with Dr. Leen's findings, and support the Law Judge's ultimate conclusion that plaintiff retains sufficient functional capacity to perform simple, repetitive work roles as a cashier, salad bar attendant, and textile production laborer.

During much of 2005 and 2006, Ms. Elkins received psychiatric treatment through the Valley Community Services Board. Most of this treatment was provided by Dr. Marigail Wynne, a psychiatrist. On numerous occasions in 2005, Dr. Wynne observed that plaintiff was doing better, without objective signs of mania or depression. While Dr. Wynne established a working diagnosis of bipolar II disorder, the psychiatrist indicated that plaintiff's condition was stabilized through appropriate medication. While Dr. Wynne felt that there remained some elements of depression and hypomania, the psychiatric reports support the notion that Ms. Elkins was not overly impaired. A review of Dr. Wynne's reports suggests that, on those occasions when plaintiff's symptoms were accentuated, her problems were based on situational factors. In 2006, Ms. Elkins was seen by another psychiatrist, Dr. Michael Tyler, who also reported that plaintiff was doing fairly well without overt symptoms of mania or depression.

It is true that, on one occasion, Dr. Wynne reported that plaintiff was unable to work because of bipolar II disorder. (TR 204). However, the court must agree with the Commissioner's observation that this report is not consistent with the treatment notes also authored by Dr. Wynne. In fact, other than for this single occasion on April 26, 2005, immediately after plaintiff had suffered a severe panic attack, no doctor has suggested that Ms. Elkins is disabled, or that she is unable to perform simple, repetitive tasks. Indeed, all the indications in this case are that plaintiff is well maintained on her medication regimen, and that her condition is stable. Clearly, there is substantial evidence to support the Law Judge's finding that Ms. Elkins is not disabled for all forms of

5

substantial gainful employment. It follows that the final decision of the Commissioner denying plaintiff's entitlement to benefits must be affirmed.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Elkins is free of depression, anxiety, and panic attacks. Indeed, the medical record confirms that she suffers from bipolar disorder, as well as persistent depressive symptomatology. On the other hand, the same medical record supports the finding that most of plaintiff's more severe symptoms are situational in origin. Once again, no doctor has documented objective findings which would suggest total disability for all forms of work activity. It must be recognized that the inability to do work without any subjective symptoms does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 29th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE

6